UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
-------------------------------------------------------------X
JENNIFER DEWEY                                   : Civil No.: 1:10CV07857(RJS)
                                                 :
                                                 :
            Plaintiff,                           :
                                                 :
                                                 :
v.                                               :
                                                 :
MIDLAND CREDIT MANAGEMENT, INC.;                 :
MIDLAND FUNDING, LLC D/B/A                       :
In NEW YORK AS MIDLAND FUNDING                   :
OF DELAWARE, LLC and ENCORE CAPITAL              :
GROUP, INC.                                      :
            Defendants                           :
-------------------------------------------------------------X   DECEMBER 17, 2010
```

## MIDLAND CREDIT MANAGEMENT, INC.'S
## ANSWER AND AFFIRMATIVE DEFENSES

### *I.     INTRODUCTION*

1. As to Paragraph One, the defendant does not contest that this action is brought by Plaintiff under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq* or New York General Business Law ("NYGBL") § 349. The defendant denies that it violated any of the above federal or state laws.

### *II.    JURISDICTION AND VENUE*

2. As to Paragraph Two, the defendant does not respond to allegations relative to jurisdiction as these allegations are legal conclusions for which no response is required.

3. As to Paragraph Three, the defendant does not respond to allegations relative to jurisdiction as these allegations are legal conclusions for which no response is required.

1

**4262089.1**

4.  As to Paragraph Four, the defendant does not respond to allegations relative to jurisdiction as these allegations are legal conclusions for which no response is required.

5.  As to Paragraph Five, the defendant does not respond to allegations relative to venue as these allegations are legal conclusions for which no response is required.  Defendant does admit that its collection activities may occur in New York.

### III.   PARTIES

6.  As to Paragraph Six, the defendant denies knowledge and information sufficient to form a belief and therefore leaves the plaintiff to her proof.

7.  As to Paragraph Seven, the defendant denies.

8.  As to Paragraph Eight, the defendant denies, except to admit that Midland Credit Management's ("Midland") principal place of business is located at 8875 Aero Drive, Suite 200, San Diego, CA 92123 and to admit that the collection of debts is part of its business operation.

9.  As to Paragraph Nine, the defendant denies, except to admit that the collection of debts is part of its business operation.

10.  As to Paragraph Ten, the defendant denies.

11.  As to Paragraph Eleven, this defendant does not respond as this Paragraph is directed at a separate defendant.

12.  As to Paragraph Twelve, this defendant does not respond as this Paragraph is directed at a separate defendant.

13.  As to Paragraph Thirteen, this defendant does not respond as this Paragraph is directed at a separate defendant.

**4262089.1**

14. As to Paragraph Fourteen, the defendant admits that MCM is a wholly owned subsidiary of Encore Capital Group, Inc. ("Encore").

15. As to Paragraph Fifteen, this defendant does not respond as this Paragraph is directed at a separate defendant.

16. As to Paragraph Sixteen, this defendant does not respond as this Paragraph is directed at a separate defendant.

### IV.     FACTUAL ALLEGATIONS

17. As to Paragraph Seventeen, this defendant does not respond as this Paragraph is directed at a separate defendant.

18. As to Paragraph Eighteen, this defendant does not respond as this Paragraph is directed at a separate defendant.

19. As to Paragraph Nineteen, this defendant does not respond as this Paragraph is directed at a separate defendant.

20. As to Paragraph Twenty, the defendant does not respond as the discontinuance is a legal document that speaks for itself.

21. As to Paragraph Twenty-One, the defendant admits.

22. As to Paragraph Twenty-Two, the defendant admits that it sent a letter on September 3, 2010 but denies the plaintiff's characterization of the contents of that letter.

23. As to Paragraph Twenty-Three, the defendant admits.

24. As to Paragraph Twenty-Four, the defendant denies.

25. As to Paragraph Twenty-Five, the defendant denies.

4262089.1

26. As to Paragraph Twenty-Six, the defendant admits that on or about September 5, 2010, an employee of defendant MCM placed a telephone call to the plaintiff but denies the plaintiff's characterization of that phone call.

27. As to Paragraph Twenty-Seven, the defendant denies knowledge and information sufficient to form a belief and therefore leaves the plaintiff to her proof.

28. As to Paragraph Twenty-Eight, the defendant denies knowledge and information sufficient to form a belief and therefore leaves the plaintiff to her proof.

29. As to Paragraph Twenty-Nine, the defendant admits that MCM is a wholly owned subsidiary of Encore.

30. As to Paragraph Thirty, the defendant denies.

31. As to Paragraph Thirty-One, the defendant denies.

32. As to Paragraph Thirty-Two, the defendant denies.

33. As to Paragraph Thirty-Three, the defendant denies.

34. As to Paragraph Thirty-Four, the defendant denies.

## V.   CLAIMS FOR RELIEF

### COUNT ONE

**The Federal Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA")**

35. The defendant incorporates its answers to Paragraphs One through Thirty-Four as if more fully set forth herein.

36. As to Paragraph Thirty-Six, the defendant denies.

37. As to Paragraph Thirty-Seven, the defendant denies.

38. As to Paragraph Thirty-Eight, the defendant denies.

39. As to Paragraph Thirty-Nine, the defendant denies.

## COUNT TWO

### NYGBL § 349 (Deceptive Acts and Practices Unlawful)

40. The defendant incorporates its answers to Paragraphs One through Thirty-Nine as if more fully set forth herein.

41. As to Paragraph Forty-One, the defendant denies.

42. As to Paragraph Forty-Two, the defendant denies.

43. As to Paragraph Forty-Three, the defendant denies.

44. As to Paragraph Forty-Four, the defendant denies.

45. As to Paragraph Forty-Five, the defendant denies.

## AFFIRMATIVE DEFENSES

1. Plaintiff has brought this claim without conducting a good faith inquiry into the validity of his cause of action. This claim has been brought in bad faith and without substantial justification.

2. Pursuant to 15 USC § 1692k, this action has been brought in bad faith and for the purpose of harassment. As such the court should award to the Defendant, attorney's fees reasonable in relation to the work expended and costs.

**WHEREFORE,** MIDLAND CREDIT MANAGEMENT, INC. requests that judgment be entered in its favor and that it be awarded the costs and attorneys' fees incurred in its defense together with such other and further relief the Court shall deem just and proper.

Dated:   December 17, 2010
         New York, New York

Yours, etc.

WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP


By: */s/ Thomas A. Leghorn*
Thomas A. Leghorn
Attorneys for
MIDLAND CREDIT MANAGEMENT, INC.
150 East 42nd Street
New York, New York 10017-5639
(212) 490-3000
File No. 10277.00046

**4262089.1**

## **CERTIFICATE OF SERVICE**

I hereby certify that on December 17, 2010, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

Peter T. Lane, Esq
Schlanger & Schlanger, LLP
1025 Westchester Ave., Suite 108
White Plains, NY 10604

*/s/ Thomas A. Leghorn*
Thomas A. Leghorn

**4262089.1**